FILED IN OPEN COURT
DATE: 12-20-02
TIME: @ 1:45 p.m.
INITIALS: ACP

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| In re<br>**Thomas & Betts Securities Litigation** | Civil Action No. 00-CV-2127 |

## ORDER AND FINAL JUDGMENT

On the 20th day of December, 2002, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 4, 2002 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendant Thomas & Betts Corporation ("T&B") and the individual defendants Clyde R. Moore and Fred R. Jones (the "Settling Defendants") in the Complaint now pending in this Court under the above caption, including the release of the Settling Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Settling Defendants only and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Thomas & Betts Corporation ("T&B") between April 28, 1999 and August 21, 2000, inclusive, except those persons or entities excluded from the definition of the Class, as

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-23-02



shown by the records of T&B's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members, and the Settling Defendants.

2. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased or otherwise acquired the common stock of Thomas & Betts Corporation ("T&B") between April 28, 1999 and August 21, 2000, inclusive. Excluded from the

Class are the Defendants, the other officers and directors of T&B, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit A annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Settling Defendants only.

7. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether

based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, arising out of purchases of T&B common stock during the Class Period that have been or could have been asserted in any forum by the Class Members or any of them against any of the Released Parties (the "Settled Claims") against Settling Defendants and their current and former directors, officers, employees, attorneys, accountants, agents, insurers, co-insurers, and reinsurers (excluding KPMG, its partners, principals, employees, agents and affiliates, none of whom or which shall be released from any claims of Plaintiffs or the Class) (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. The Settling Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, arising out of the institution, prosecution, or settlement of the Action, except claims relating to the enforcement of the settlement of the Action, that have been or could have been asserted in the Action or any forum by the Settling Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys (the "Settled Defendants' Claims"). The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) offered or received against the Settling Defendants or against the Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability,

negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Settling Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

    (d) construed against the Settling Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

    (e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

  11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

  12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

  13. Plaintiffs' Counsel are hereby awarded $12,500,000 (approximately 26.8% of the Gross Settlement Fund) in fees, which the Court finds to be fair and reasonable, and $140,112.70 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be

allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:   Memphis, Tennessee
         *December* 20, 2002

*Julia Smith Gibbons*
UNITED STATES DISTRICT JUDGE

- 7 -

## Exhibit A

Persons or entities who requested exclusion from the Class in the In re Thomas & Betts Securities Litigation, Civil Action No. 00-CV-2127:

Mr. John Megannon
108 West Shore Drive
Exeter, RI 02822-1916

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 101 in case 2:00-CV-02127 was distributed by fax, mail, or direct printing on December 23, 2002 to the parties listed.

---

Martin H. Aussenberg
LAW OFFICES OF MARTIN H. AUSSENBERG, P.C.
2157 Madison Ave.
Ste. 203
Memphis, TN 38104

Sanford P. Dumain
MILBERG WEISS BERSHAD HYNES & LERACH
One Pennsylvania Plaza
New York, NY 10119

Kay F. Turner
KAY FARESE TURNER & ASSOCIATES
Morgan Keegan Tower
50 N. Front St.
Ste. 770
Memphis, TN 38103

Mattnew M. Curley
BASS BERRY & SIMS PLC
AmSouth Center
315 Deaderick Street
Ste. 2700
Nashville, TN 37238

E. Steele Clayton
BASS BERRY & SIMS PLC
AmSouth Center
315 Deaderick Street
Ste. 2700
Nashville, TN 37238

Michael L. Dagley
BASS BERRY & SIMS PLC
AmSouth Center
315 Deaderick Street
Ste. 2700
Nashville, TN 37238

Thomas & Betts Corpo
8155 T & B Blvd.
Memphis, TN 38125

Clyde R. Moore
8155 T & B Blvd.
Memphis, TN 38125

Fred R. Jones
8155 T & B Blvd.
Memphis, TN 38125

Robert F. Wise
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017

Harry Alexander Chernoff
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017

Patricia T. Northrop
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017

Jim N. Raines
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jonathan C. Hancock
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Paul Kent Bramlett
LAW OFFICE OF PAUL BRAMLETT
P.O. Box 150734
Stouffer Tower
Nashville, TN 37215

Glen DeValerio
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Michael G. Lange
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Norman Berman
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Jennifer Finger
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN
The World Trade Cent
401 E. Pratt St.
Ste. 2525
Baltimore, MD 21202

Mark McNair
LAW OFFICE OF MARK MCNAIR
1819 Pennsylvania Avenue, N.W.
Washington, DC 20006

Donald Enright
FINKELSTEIN THOMPSON & LOUGHRAN
1055 Thomas Jefferson St.
Washington, DC 20007

Fred Taylor Isquith
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Andrew M. Schatz
SCHATZ & NOBEL PC
330 Main Street
2nd Fl.
Hartford, CT 06106

Jeff Nobel
SCHATZ & NOBEL PC
330 Main Street
2nd Fl.
Hartford, CT 06106

Honorable Julia Gibbons
US DISTRICT COURT