UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

FILED BY _____ .D.C.

04 AUG -4  AM 9: 27

Robert R. Di Trolio
CLERK U.S. DIST. CT.
W.D. OF TN. MEMPHIS

| | |
|---|---|
| In re <br> **Thomas & Betts Securities Litigation** <br> ------------------------------------------------------- <br> **This Document Relates To:** <br> **Aviva Pifko, as Custodian For Howard Weiss,** <br> **Jeffrey Allison, The Hall Family Trust, Agnes** <br> **Lamy, Deven, Inc. and Heidelberg Investment,** <br> **on behalf of themselves and all others similarly** <br> **situated,** <br> Plaintiff, <br> v. <br> **KPMG LLP,** <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CIVIL ACTION NO. 00-CV-2127

CIVIL ACTION NO. 01-CV-2553

## ORDER AND FINAL JUDGMENT

On the 4th day of August, 2004, a hearing having been held before this Court to

determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement

with KPMG LLP dated March 1, 2004 (the "Stipulation") are fair, reasonable and adequate for

the settlement the of all claims asserted by the Class against KPMG in the Complaint now

pending in this Court under the above caption, including the release of KPMG and the Released

Parties, and should be approved; (2) whether judgment should be entered dismissing the

Complaint on the merits and with prejudice in favor of KPMG and as against all persons or

entities who are members of the Class herein who have not requested exclusion therefrom; (3)

whether to approve the Plan of Allocation as a fair and reasonable method to allocate the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-4-04

133

settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Thomas & Betts Corporation ("T&B") between March 23, 1999 and August 21, 2000, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of T&B's transfer agent, at the respective addresses set forth in such records and by the records compiled by the Claims Administrator in connection with its previous mailing of a Notice of Pendency of Class Action, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of <u>The Wall Street Journal</u> pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the plaintiffs, all Class Members, and KPMG.

2.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class

2

predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased the common stock of T&B between March 23, 1999 and August 21, 2000, inclusive.  Excluded from the Class are KPMG, any partners or principals of KPMG, members of their immediate families and their legal representatives, heirs, successors and assigns, and any predecessors or successors of KPMG, T&B, the officers and directors of T&B, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above persons or entities have or had a controlling interest.  Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit A annexed hereto.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs Aviva Pifko, as custodian for Howard Weiss, Jeffrey Allison, The Hall Family Trust, Agnes Lamy, Deven Inc., and Heidelberg Investment are certified as Class Representatives.

5.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6.    The Settlement is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against KPMG.

8.    Members of the Class and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims (including "Unknown Claims," as defined in California Civil Code Section 1542), demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligent misrepresentation, fraud, violations of any state or federal statutes, rules or regulations as against KPMG, arising out of purchases, sales, or ownership of T&B common stock during the Class Period that have been or could have been asserted in any forum directly by the Class Members against the Released Parties (the "Settled Claims"). "Released Parties" means KPMG LLP, its predecessors, successors and assigns and any of their current or former partners, principals, directors, officers, employees, attorneys, agents, insurers, co-insurers, and reinsurers. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

4

9.      KPMG and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by KPMG or any of them or the successors and assigns of any of them against any of the plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action except claims relating to the enforcement of the settlement of the Action (the "Settled Defendant's Claims") against any of the plaintiffs, Class Members or their attorneys.  The Settled Defendant's Claims of all of the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.     "Unknown Claims" means any and all Settled Claims which any plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendant's Claims which KPMG does not know or suspect to exist in its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendant's Claims, the parties stipulate and agree that upon the Effective Date, the plaintiffs and KPMG shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

5

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs and KPMG acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendant's Claims was separately bargained for and was a key element of the Settlement.

11.     Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member.  Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution:  (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

12.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against KPMG as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by KPMG with respect to the truth of any fact alleged by plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of KPMG;

6

(b)      offered or received against KPMG as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by KPMG, or against the plaintiffs and the Class as evidence of any infirmity in the claims of plaintiffs and the Class;

(c)      offered or received against KPMG or against the plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that KPMG may refer to the Stipulation to effectuate the liability protection granted it thereunder;

(d)      construed against KPMG or the plaintiffs or the other members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)      construed as or received in evidence as an admission, concession or presumption against plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.      The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14.      The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

7

15.     Plaintiffs' Counsel are hereby awarded 30% of the Gross Settlement Fund in fees, which the Court finds to be fair and reasonable, and $43,066.72 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

16.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: Memphis, Tennessee
    August 4   , 2004

                    HONORABLE BERNICE B. DONALD
                    UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Persons or entities who requested exclusion from the Class in the above-captioned action:

John T. McGannon
108 West Shore Dr.
Exeter, RI 02822

Rosemary R H Aldrich
(exclusion forwarded from Banc One
Investment management Fiduciary Operations,
Class Action Departments,
340 South Cleveland Ave., Bldg. 350
Westerville, OH 43081
on behalf of Rosemary RH Aldrich)

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 133 in case 2:00-CV-02127 was distributed by fax, mail, or direct printing on August 4, 2004 to the parties listed.

---

Martin H. Aussenberg
LAW OFFICES OF MARTIN H. AUSSENBERG, P.C.
2157 Madison Ave.
Ste. 203
Memphis, TN 38104

Norman Berman
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Paul Kent Bramlett
LAW OFFICE OF PAUL BRAMLETT
P.O. Box 150734
Stouffer Tower
Nashville, TN 37215--073

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Harry Alexander Chernoff
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017

E. Steele Clayton
BASS BERRY & SIMS PLC
315 Deaderick Street
Ste. 2700
Nashville, TN 37238--000

Matthew M. Curley
BASS BERRY & SIMS PLC
315 Deaderick Street
Ste. 2700
Nashville, TN 37238--000

Michael L. Dagley
BASS BERRY & SIMS PLC
315 Deaderick Street
Ste. 2700
Nashville, TN 37238--000

Glen DeValerio
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Sanford P. Dumain
MILBERG WEISS BERSHAD & SCHULMANN, LLP
One Pennsylvania Plaza
New York, NY 10119--016

Donald Enright
FINKELSTEIN THOMPSON & LOUGHRAN
1055 Thomas Jefferson St.
Washington, DC 20007

Jennifer Finger
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Jonathan C. Hancock
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Dean Holbrook
CAMERON HORNBOSTEL & HOLBROOK LLP
866 United Nations Plaza
Ste. 249
New York, NY 10017

Fred Taylor Isquith
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016

Michael G. Lange
BERMAN DEVALERIO & PEASE LLP
One Liberty Square
Boston, MA 02109

Mark McNair
LAW OFFICE OF MARK MCNAIR
1819 Pennsylvania Avenue, N.W.
Washington, DC 20006

Jeff Nobel
SCHATZ & NOBEL PC
330 Main Street
2nd Fl.
Hartford, CT 06106

Patricia T. Northrop
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN
401 E. Pratt St.
Ste. 2525
Baltimore, MD 21202

Jim N. Raines
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Andrew M. Schatz
SCHATZ & NOBEL PC
330 Main Street
2nd Fl.
Hartford, CT 06106

Thomas & Betts Corpo
THOMAS*
8155 T & B Blvd.
Memphis, TN 38125

Kay F. Turner
KAY FARESE TURNER & ASSOCIATES
50 N. Front St.
Ste. 770
Memphis, TN 38103

Robert F. Wise
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017

Fred R. Jones
THOMAS*
8155 T & B Blvd.
Memphis, TN 38125

Clyde R. Moore
THOMAS*
8155 T & B Blvd.
Memphis, TN 38125

Honorable Bernice Donald
US DISTRICT COURT